34 N.J. Super. 325 (1955)
112 A.2d 298
JARDINE ESTATES, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
DONNA BROOK CORPORATION, A CORPORATION OF NEW JERSEY, ET AL., DEFENDANTS. DONNA BROOK CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
JARDINE ESTATES, INC., A CORPORATION OF NEW JERSEY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1954.
Decided March 9, 1955.
*326 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Jack L. Cohen for the motion.
*327 PER CURIAM.
Jardine Estates, Inc. sued Donna Brook Corporation and another to recover damages for breach of a building contract, alleging that defendants had abandoned the building in an incomplete state and done some of the work in a defective manner. Jardine claimed it paid all of the contract price except for $6,500. Donna Brook then sued Jardine under the same building contract to enforce a mechanic's lien claim. It sought to recover the $6,500 admittedly unpaid under the contract, together with $4,302.52 for extra labor and materials allegedly supplied. The cases were consolidated for trial. The pretrial order recites that the sole dispute would appear to be whether Donna Brook is entitled to the amount claimed in its mechanic's lien action, and that this presents a purely factual issue.
The jury returned the following verdicts: in the Jardine action, $1,580 for incomplete work and $648 for defective work, in favor of Jardine; and in the mechanic's lien action $8,663 in favor of Donna Brook. Jardine then moved for an order setting aside and vacating the judgments entered on the verdicts or, in the alternative, for their modification by increasing those in favor of Jardine and reducing that in favor of Donna Brook, on the grounds that the verdicts were contrary to the evidence, against the weight of the evidence, and the result of mistake and misapprehension. No legal error in the conduct of the trial was charged or argued.
The trial court refused to disturb the verdicts rendered in favor of Jardine, stating that there was a legitimate conflict in the proofs. However, as to the award in favor of Donna Brook, the court indicated it would reduce the judgment by $7,400, and if such reduction were not accepted by Donna Brook the court would grant an order directing a new trial as to all issues. Donna Brook having refused to accept the reduction the trial court entered an order vacating and setting aside the judgments in the consolidated cases and awarding a new trial as to all issues.
*328 Donna Brook presently applies for leave to appeal from that order on the ground that it "constituted an abuse of discretion and is a manifest denial of justice as against Donna Brook Corporation." Attached to the notice of motion is an affidavit of counsel stating merely that the motion "is made in good faith for the reasons therein set forth and for the causes more fully set forth in the accompanying brief." The argument made in the brief is that the 600-page record, the number of witnesses, the seven days consumed in the trial, and the incidental remark of the trial court that a retrial would involve a "suicidal cost" all demonstrates that unless leave to appeal is granted, there will have to be another extended and expensive retrial, with the possibility that ultimate review might prove such retrial to have been unnecessary. Further, review before retrial might well conclude the litigation.
The application will be denied.
R.R. 2:2-3(b) provides that the Appellate Division may in its discretion permit appeal to be taken from an interlocutory order or judgment when, in the opinion of the court, the grounds of appeal are substantial and the appeal, if sustained, will terminate the litigation. The moving papers fail to show substantial grounds of appeal, or indeed any facts from which it might be determined whether such grounds exist.
R.R. 4:61-1, relating to new trials, requires that when a motion for a new trial has been granted and motion for leave to appeal from such determination is made, the record on the application shall contain the transcript of the reasons given by the trial judge whenever the motion for the new trial has been reported stenographically. If the trial judge has filed a written statement of his reasons, such statement shall be supplied in lieu of the transcript. Where no such written statement of reasons has been filed, a copy of the notice of motion for leave to appeal shall be served upon the trial judge forthwith after it has been filed, and within five days thereafter the trial judge may file and transmit to the *329 parties a written statement in amplification or explanation of the reasons stated for the determination of the motion for a new trial.
Donna Brook has not supplied the transcript, if any there be, of the reasons given by the trial judge for granting the motion for a new trial. There is nothing to indicate whether the trial judge filed a written statement of his reasons, and if he did not, whether a copy of the notice of the present motion was served upon him so that he might have an opportunity to file and transmit to the parties his written statement in amplification or explanation of the reasons stated for granting the new trial.
The record does not conform to the requirements of R.R. 4:61-1, nor does it contain sufficient to move this court to exercise its discretion under R.R. 2:2-3(b).